# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WALTER F. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV823 RWS |
| | ) | |
| CRICKET COMMUNICATIONS, INC. | ) | |
| and JABBER JAW MOBILE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to amend his complaint and his response to the Court's July 16, 2010 Order to Show Cause why his case should not be dismissed for lack of jurisdiction. The Court will grant plaintiff's motion to amend his complaint and dismiss the amended complaint for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3).

**Procedural Background**

On May 3, 2010, plaintiff filed the instant case pursuant to 28 U.S.C. § 1332, against Cricket Communications, Inc., a citizen of the state of Delaware, and Jabber Jaw Mobile LLC, a citizen of the state of Kansas, alleging fraud and breach of contract in connection with his purchase of internet provider services. Specifically, plaintiff alleged that he brought broadband internet services from Jabber Jaw

Mobile (allegedly a body of Cricket Communications, Inc.). Plaintiff asserted that despite assurances that he would be entitled to unlimited "web," he lost service for two (2) days in March of 2010 and twelve (12) days in April of 2010. Plaintiff claimed that defendants refused to pay him for the lost days of service, and he sought actual damages in the amount of $99.14 (the amount he paid for monthly services), as well as $3,000 in unidentified damages, $10,000 in "exemplary damages," and punitive damages in excess of $100,000. Plaintiff sought to proceed against defendants in forma pauperis, accordingly, the Court reviewed his complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness, or failure to state a claim.

On July 16, 2010, the Court ordered plaintiff to show cause why his case should not be dismissed for lack of jurisdiction, as it was not apparent from the complaint that the amount in controversy would exceed $75,000. The Court noted that although punitive damages could be included in the amount in controversy, it did not appear from the allegations in the complaint that punitive damages would be warranted. As such it did not appear from the face of the complaint that the amount in controversy would be sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332.

On July 27, 2010 plaintiff filed a response to the Court's Show Cause Order, as well as his motion for leave to file an amended complaint. The Court will grant plaintiff's motion to amend his complaint and review the amended complaint pursuant to 28 U.S.C. § 1915, as well as for jurisdictional purposes.

**Discussion**

Plaintiff's amended complaint is essentially the same as his prior complaint. The amended complaint is based on the same facts and circumstances as the original pleading, and it seeks essentially the same amounts in damages - $99.14 in actual damages, $100,000 in punitive damages, $3,000 in unexplained "consequential damages," and $20,000 for unexplained "mental anguish." The only perceived difference is the addition of phrases alleging that defendants acted "intentionally" and "with malice," presumably added in order to support a punitive damages award in an effort to meet the amount in controversy.

Regardless of the "buzzwords" included in plaintiff's amended complaint, the pleading is completely devoid of any factual allegations that would amount to "proper allegations of malice, wantonness or oppression," such that punitive damages could be awarded. See, e.g., Sands v. R.G. McKelvey Bldg. Co., 571 S.W.2d 726, 733 (Mo. Ct. App. 1978); Smith v. American Bank & Trust Co., 639 S.W.2d 169, 176 (Mo. Ct. App. 1982). Moreover, given plaintiff's previous

assertions of the benign factual nature surrounding his claims, the inclusion, in the amended complaint, of "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements," is not entitled to an assumption of truth and cannot form the basis for an award of punitive damages such that the amount in controversy could be reached. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-51 (2009).

In short, plaintiff has completely failed to allege pertinent facts or otherwise properly plead how a case with actual damages of less than $100 for an alleged loss of internet services for a few days could result in more than $74,901 in punitive damages such that the amount in controversy could be reached. As noted in the Court's previous Order, a breach of contract claim cannot support a claim for punitive damages, and although punitive damages may be awarded in a fraud action if actual damages are proved, evidence of fraud must be pleaded with particularity[1], and the evidence must support a finding that the defendants' conduct was outrageous because of evil motive or a reckless indifference to the rights of others. See Dewey v. American Stair Glide Corp., 557 S.W.2d 643, 650 (Mo. Ct. App.

---

[1]See Fed.R.Civ.P. 9(b).

1977); <u>Werremeyer v. K.C. Auto Salvage Co., Inc.</u>, 134 S.W.3d 633 (Mo. 2004); <u>Misischia v. St.John's Mercy Medical Ctr.</u>, 30 S.W.3d 848 (Mo. Ct. App. 2000).

The Court finds that the amended complaint does not contain any allegations that, if proved, would show that the defendants acted with the necessary mental state to justify punitive damages. As a result, this Court lacks diversity jurisdiction under 28 U.S.C. § 1332, and this case will be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend his complaint [Doc. #6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not serve process or cause process to be effectuated in this case because this cause is subject to dismissal for lack of jurisdiction. Fed.R.Civ.P. 12(h)(3).

Dated this 21st day of September, 2010.

                                          /s/ Rodney W. Sippel
                                          RODNEY W. SIPPEL
                                          UNITED STATES DISTRICT JUDGE